GARRISON, Judge.
This is an appeal from a judgment of the First City Court granted in favor of the plaintiff, Franklin Printing Co., Inc. and against the defendant, Sno-Wizard Manufacturing Co., Inc. awarding the sum of $2100.43 plus legal interest from the date of judicial demand until paid, attorneys fees under R.S. 9:2781 in the amount of 33V3% of the principal and interest due (1V2% per month or 18% per annum) until paid and all court costs. From that judgment, Sno-Wizard appeals. On appeal, Franklin has answered the appeal seeking that the judgment appealed from be amended to award additional attorney’s fees of $1,000.00 because of the appeal filed by Sno-Wizard.
But for Franklin’s answer seeking additional attorneys fees, the instant case is strictly one of fact review under Canter v. Koehring Co., 283 So.2d 716 (La., 1973). In the instant case not only was the trial court not manifestly erroneous, but the trier of fact was correct.
Ronnie Sciortino, President of Sno-Wizard, ordered labels from Franklin Printing Co. When ordering, he presented his business card reading “Sno-Wizard Manufacturing, Inc.” (P-4). Several adjustments were made to the labels including the cutting of a new dye. Sciortino approved the blue line for the labels. Even though there were several different deliveries spaced over time, all of the delivery receipts bear Sciortino’s signature as acceptor. Sciortino argues that he should only pay for the 2000 labels he used and should be able to return the remaining 5500. As the trier of fact stated in his reasons for judgment:
“(2) The Court believes the testimony of the Plaintiff’s witnesses that the *123 agreement between the parties was that the Defendant would be responsible for payment of all of the printed labels delivered to the Defendant, not merely the labels actually used. The Court does not believe Mr. Sciortino’s testimony to the extent that it conflicts with the testimony of the Plaintiffs witnesses. Notwithstanding this finding on the issue of credibility, the testimony of the Plaintiff’s witnesses is corroborated more by the evidence admitted and is the more logical explanation as to what this business agreement consisted of.”
Sciortino also argued that the bill was charged to the wrong corporation and that it should have been charged to Sno-Wizard Supplies, Inc. instead of Sno-Wiz-ard Manufacturing Co., Inc. As the trier of fact so aptly stated:
“(1) There is absolutely no doubt in this Court’s mind that Sno-Wizard Manufacturing, Inc. is the party and entity responsible for the payment of this account, notwithstanding the Defendant’s allegation that Sno-Wizard Supplies, Inc. is the proper Defendant. The Court believes the testimony of the Plaintiff’s witnesses that Mr. Sciortino presented the Defendant’s business card when negotiations first began, that the only sign on the building where Sno-Wizard Supplies, Inc. is allegedly located reads Sno-Wiz-ard Manufacturing, Inc., and that there is no listing in the yellow pages for Sno-Wizard Supplies, Inc. Mr. Sciortino, the owner of both entities, even admitted in his own testimony that he did not request that the bill be put in the name of Sno-Wizard Supplies, Inc. and that on prior occasions he had paid bills of Sno-Wizard Manufacturing, Inc. with checks from Sno-Wizard Supplies, Inc.”
Turning to Franklin’s answer on appeal, at page 34 of the transcript, hearing date Tuesday, March 31, 1987, Susan Waters an employee of Franklin testified that Franklin and Franklin’s attorney had a fee agreement whereby counsel’s fee would be one-third of the amount due plus court costs.
R.S. 9:2781(A) provides as follows:
“A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.” (emphasis added)
In the instant case Franklin and its counsel did not agree to an additional amount in the event of appeal. As R.S. 9:2781 is strictly construed, the amount of attorneys fees will not be increased.
For the reasons discussed, the judgment below is affirmed.
AFFIRMED.